IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,091-01






EX PARTE CARLOS MANUEL RAMIREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20040D03712-409-1 IN THE 409TH DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly
weapon and sentenced to ten (10) years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his plea of guilty was involuntary because it was induced by
improper threats. Specifically, Applicant alleges that: (1) counsel represented to him that the State would
impose a life sentence if Applicant did not accept the proposed plea bargain; (2) counsel advised Applicant
that the judge and district attorney would make sure Applicant lost if he went to trial because the victim was
another judge's younger brother; and (3) counsel threatened to withdraw from the case and force Applicant
to represent himself at trial if Applicant did not accept the proposed plea bargain. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall provide counsel with an opportunity to respond
to Applicant's claims. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that
his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: January 30, 2008

Do not publish